**REVISED November 26, 2019**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20466
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL IBARRA-RAMOS, also known as Miguel Angel Ibarra Ramos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-618-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Ibarra-Ramos appeals his conviction for illegal reentry into the United States. He challenges the district court's denial of his motion to dismiss the indictment, arguing that the indictment was invalid because the notice to appear in his removal proceedings was defective because it failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specify a time and date for his removal hearing, and that the removal order was thus void.  He concedes that the issue is foreclosed by *Pierre-Paul v. Barr*, 930 F.3d 684, 689-93 (5th Cir. 2019), and *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed*, (No. 19-6588) (Nov. 12, 2019), but he wishes to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pierre-Paul* and *Pedroza-Rocha.* Alternately, the Government requests an extension of time to file its brief.

In *Pedroza-Rocha*, this court applied *Pierre-Paul* to conclude that the notice to appear was not rendered deficient because it did not specify a date for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that Pedroza-Rocha could not collaterally attack his notice to appear without first exhausting his administrative remedies.  933 F.3d at 496-98.  Ibarra-Ramos's arguments are, as he concedes, foreclosed by this case. *See id.* Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.